TROY LAW, PLLC
John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
Leanghour Lim (LL 6988)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and*
*potential Rule 23 Class*

**Case No. 20-cv-00640**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**
-----------------------------------------------------------------x
KEIRO J. COOPER-NOLASCO,
*on his own behalf and on behalf of others similarly*
*situated*

                            Plaintiff,
                            v.
ROYAL WASTE SERVICES, INC
        d/b/a Royal Waste Services; and
ROYAL WASTE RECYCLING SERVICES, INC;
PAUL REALI,
PETER L REALI,
MICHAEL II REALI, and
CHRIS ADAMS

                    Defendants.
-----------------------------------------------------------------x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**


**COMPLAINT**


**JURY TRIAL DEMANDED**

Plaintiff KEIRO J. COOPER-NOLASCO (hereinafter referred to as Plaintiff), on behalf

of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby

brings this complaint against Defendants ROYAL WASTE SERVICES, INC d/b/a Royal Waste

Services; and ROYAL WASTE RECYCLING SERVICES, INC; PAUL REALI, PETER L

REALI, MICHAEL II REALI, and CHRIS ADAMS, and alleges as follows:

## INTRODUCTION

1.      This action is brought by the Plaintiff KEIRO J. COOPER-NOLASCO, on

behalf of himself as well as other employees similarly situated, against the Defendants for

alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New

York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the Eastern District Court of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.     From on or about April 01, 2012 to November 13, 2019, Plaintiff KEIRO J. COOPER-NOLASCO was employed by Defendants to work as a garbage truck driver for Defendants at Royal Waste Services located at 187-40 Hollis Avenue, Hollis, NY 11423.

## DEFENDANTS

### *Corporate Defendants*

8.     Defendant ROYAL WASTE SERVICES, INC d/b/a Royal Waste Services is a foreign business corporation organized under the laws of the State of Delaware with a principal address at 187-40 Hollis Avenue, Hollis, NY 11423.

9.     ROYAL WASTE SERVICES, INC d/b/a Royal Waste Services is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10.     ROYAL WASTE SERVICES, INC d/b/a Royal Waste Services purchased and handled goods moved in interstate commerce.

11.     Defendant ROYAL WASTE RECYCLING SERVICES, INC is a domestic

business corporation organized under the laws of the State of New York with a principal address at 187-40 Hollis Avenue, Hollis, NY 11423.

12.    ROYAL WASTE RECYCLING SERVICES, INC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13.    ROYAL WASTE RECYCLING SERVICES, INC purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

14.    The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

15.    PAUL REALI  and DOS Chief Executive Officer of ROYAL WASTE SERVICES, INC (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at ROYAL WASTE SERVICES, INC d/b/a Royal Waste Services and ROYAL WASTE RECYCLING SERVICES, INC.

16.    PAUL REALI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with ROYAL WASTE SERVICES, INC d/b/a Royal Waste Services and ROYAL WASTE RECYCLING SERVICES, INC.

17. PETER L REALI is the Treasurer and President of ROYAL WASTE SERVICES, INC (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at ROYAL WASTE SERVICES, INC d/b/a Royal Waste and ROYAL WASTE RECYLING SERVICES, INC.

18. MICHAEL II REALI and DOS Chief Executive Officer of ROYAL WASTE RECYCLING SERVICES, INC, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at ROYAL WASTE RECYCLING SERVICES, INC.

19. MICHAEL II REALI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with ROYAL WASTE SERVICES, INC d/b/a Royal Waste and ROYAL WASTE RECYCLING SERVICES, INC.

20. CHRIS ADAMS was Supervisor to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at ROYAL WASTE SERVICES, INC d/b/a Royal Waste Services.

21. CHRIS ADAMS told Plaintiff KEIRO J. COOPER-NOLASCO that he was suspended from his job.

22. CHRIS ADAMS acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §

791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with

ROYAL WASTE SERVICES, INC d/b/a Royal Waste Services

## STATEMENT OF FACTS

### Defendants Constitute an Enterprise

23.     Upon information and belief, Corporate Defendants ROYAL WASTE

SERVICES, INC d/b/a Royal Waste Services; and ROYAL WASTE RECYCLING

SERVICES, INC are joint employers of Plaintiff and constitute an enterprise as the term is

defined by 29 USC §203(r) insofar as they share staff, including Plaintiff, pay Plaintiff for the

work performed at the enterprise no matter what location they worked; advertise the

Corporate Defendants as an enterprise, and are otherwise engaged in related activities

performed through unified operation and/or common control for a common business purpose,

and are co-owned by the same partners.

24.     At all times relevant herein, ROYAL WASTE SERVICES, INC d/b/a Royal

Waste Services; and ROYAL WASTE RECYCLING SERVICES, INC was, and continues to

be, an "enterprise engaged in commerce" within the meaning of FLSA.

25.     At all relevant times, the work performed by Plaintiff was directly essential to

the business operated by ROYAL WASTE SERVICES, INC d/b/a Royal Waste Services; and

ROYAL WASTE RECYCLING SERVICES, INC.

26.     Both ROYAL WASTE SERVICES, INC d/b/a Royal Waste Services; and

ROYAL WASTE RECYCLING SERVICES, INC have the same principal place of office

located at 187-40 Hollis Avenue, Hollis, NY 11423.

### Wage and Hour Claims

27.     There are at least two hundred (200) employees, including driver and helper

for each truck.

28.    Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

29.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

30.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

31.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

32.    Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

33.    Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

34.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

35.    Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would

financially injure Plaintiff and similarly situated employees and violate state and federal laws.

36.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff KEIRO J. COOPER-NOLASCO

37.     From on or about April 01, 2012 to November 13, 2009, Plaintiff KEIRO J. COOPER-NOLASCO was employed by Defendants to work as a garbage truck driver at 187-40 Hollis Avenue, Hollis, NY 11423.

38.     From on or about April 01, 2012 to November 13, Plaintiff KEIRO J. COOPER-NOLASCO's regular work schedule ran from:

    a.  19:00 to 5.30 for five (5) days a week from Monday through Sunday with two (2) days off. There was no fixed day to take off.

    b.  He had thirty minutes (30) minutes break.

    c.  In three days a week he used to go home at 5:30 in the morning and in other days he used to go home at 6.30 in the morning.

39.     Thus from April 01 2012 to November 13, 2009 Plaintiff KEIRO J. COOPER-NOLASCO regularly worked a total of Fifty (50) hours per week.

40.     From April 1, 2012 to July 7, 2013 Plaintiff KEIRO J. COOPER-NOLASCO was paid a flat rate of Fourteen Dollars ($14) per hour.

41.     From July, 11 2013 to December 31,2015, Plaintiff  KEIRO J. COOPER-NOLASCO Plaintiff used to get a flat rate of Fourteen Dollars and Thirty Five Cents ($14.350) per hour.

42.     From January 1, 2016 to June 8 2017, Plaintiff KEIRO J. COOPER-NOLASCO was paid a flat rate of Twenty Dollars ($20) per week.

43.     From June 8, 2017 to December 31,2017 Plaintiff KEIRO J. COOPER-NOLASCO was paid a flat rate of Twenty Dollars and Seventy Five cents ($20.75) per week.

44.     From January 1, 2017 to June 8, 2018 Plaintiff KEIRO J. COOPER-NOLASCO was paid a flat rate of Twenty Dollars ($20) per week.

45.     From December 2017 to May 31, 2018 Plaintiff KEIRO J. COOPER-NOLASCO was paid a falt rate of Twenty Dollars and Senty Five cents ( $20.25) per hour.

46.     From June 7,2018 to February 28,2019 Plaintiff KEIRO J. COOPER-NOLASCO was paid a flat rate Twenty Four Dollars ($25) per hour.

47.     From March 7, 2019 to July 18, 2019 Plaintiff KEIRO J. COOPER-NOLASCO was paid a flat rate of Twenty-Seven Dollars ($27) per hours.

48.     From July 25 2019 to November 13, 2019 Plaintiff KEIRO J. COOPER-NOLASCO was paid a flat rate of Twenty Eight Dollars ($28) per hour.

49.     Although Plaintiff KEIRO J. COOPER-NOLASCO had thrity (30) minutes to have meal but had to finish his meal withing fifteen (15) minutes.

50.     At all relevant times, Plaintiff KEIRO J. COOPER-NOLASCO was not paid overtime pay for all his overtime work.

51.     Plaintiff KEIRO J. COOPER-NOLASCO used get a small amount for his overtime work.

52.     Only around thirty percent (30%) of the time did he receive the correct amount on his paystub, after his complained.

53.     For the other thirty percent (30%) where he complained but did not get paid overtime, Plaintiff KEIRO J. COOPER-NOLASCO did not receive the full amount of overtime worked.

54.     Finally, for the other forty percent (40%) where his paystub was incorrect but he did not get paid, Plaintiff KEIRO J. COOPER-NOLASCO did not receive the full amount of overtime worked.

55.     Plaintiff KEIRO J. COOPER-NOLASCO used to get paid only straight hours and not one and half times of his normal hourly wage for overtime.

56.     Moreover, Plaintiff KEIRO J. COOPER-NOLASCO would get paid for overtime only when he complained about his overtime.

57.     Accordingly, the hours displayed on his paystub does not reflect his true hours worked, but is an underestimation of his true hours worked.

58.     Throughout his employment, Plaintiff KEIRO J. COOPER-NOLASCO was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

59.     Moreover, Plaintiff KEIRO J. COOPER-NOLASCO was not paid his hourly wages for the last one week of his employment.

## COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

62.     All said persons, including Plaintiff, are referred to herein as the "Class."

63.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

64.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

65.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.       Whether Plaintiff and Class members are promised and not paid at their promised hourly wage;

c.       Whether Plaintiff and Class members are not paid at least the hourly minimum wage for each hour worked;

d.       Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

e.       Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

f.       Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

g.       Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

h.       Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

i.       At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

66.       Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class

members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

67.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### Superiority

68.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a

risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

69.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage/ Unpaid Wages
### Brought on behalf of the Plaintiff and the FLSA Collective]

70.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

72.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an

additional equal amount as liquidated damages.

73.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Failure to Pay Minimum Wage/ Unpaid Wages Brought on behalf of Plaintiff and Rule 23 Class]

74.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.     At all relevant times, Plaintiff is employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

76.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

77.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

78.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

81.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

82.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

83.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

84.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

85.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

86.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory

overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

87.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

89.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

90.     Defendant' failure to pay Plaintiff her overtime pay violated the NYLL.

91.     Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

92.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

94.     Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

95.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96.     Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

97.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

98.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

99.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees.

Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

j)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

k)    The cost and disbursements of this action;

l)    An award of prejudgment and post-judgment fees;

m)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

n)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts

Dated: Flushing, New York

February 5, 2020

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*

/s/ John Troy
John Troy (JT0481)
Aaron Schweitzer (AS 6369)
Leanghour Lim (LL 6988)