**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**
------------------------------------------------------------------- x
KEIRO J. COOPER-NOLASCO,
*on his own behalf and on behalf of others similarly situated*

         Plaintiff,   20-cv-00640-KAM-RER

v.

ROYAL WASTE SERVICES, INC
d/b/a Royal Waste Services; and
ROYAL WASTE RECYCLING SERVICES, INC;
PAUL REALI,
PETER L REALI,
MICHAEL II REALI, and
CHRIS ADAMS.
         Defendants.
------------------------------------------------------------------- x

## **ANSWER TO COMPLAINT**

  Defendants Royal Waste Services, Inc., improperly named in the caption as Royal Waste Services, Inc. d/b/a Royal Waste Services, Royal Recycling Services, Inc. improperly named in the caption as Royal Waste Recycling Services, Inc., Paul Reali, Peter L Reali, Michael II Reali, and Chris Adams (collectively "Defendants"), by their attorneys Trivella & Forte, LLP, as and for their Answer and defenses to the Complaint filed February 5, 2020 (hereinafter Complaint) hereby admit, deny and allege as follows:

  1.  Defendants deny the allegations in paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act and NY Labor Law.

  2.  Defendants deny the allegations in paragraph 2 of the Complaint.

  3.  Defendants deny the allegations in paragraph 3 of the Complaint.

  4.  Defendants deny the allegations in paragraph 4 of the Complaint.

  5.  Defendants deny the allegations in paragraph 5 of the Complaint.

1

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except admit Plaintiff at times was employed by Royal Waste Services, Inc. as a driver.

8. Royal Waste Services, Inc. admits the allegations in paragraph 8 of the Complaint except denies the d/b/a designation.

9. Royal Waste Services, Inc. admits the allegations in paragraph 9 of the Complaint except denies the d/b/a designation.

10. Royal Waste Services, Inc. admits the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint except admit that Paul, Peter and Michael Reali are shareholders and officers of Royal Waste Services, Inc. and at times Chris Adams has been the Operations Manager of Royal Waste Services, Inc.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendant Peter Reali denies the allegations in paragraph 17 of the Complaint.

18. Defendants deny paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint, except admit at times Chris Adams supervised the Plaintiff and other employees and at times hired employees.

21. Defendants admit the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny that the subclass referred to in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint, except admit at times Plaintiff Keiro J. Cooper-Nolasco worked at times as a garbage truck driver for Royal Waste Services, Inc.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint including denying the alleged collective or class exists.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants repeat the response to each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response Defendants deny the allegations contained in paragraph 72 of the Complaint and refer the Court to the statute referenced therein for its true content and meaning.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants repeat the response to each allegation contained in the foregoing paragraphs as if fully set forth herein.

75. Defendants deny the allegations in paragraph 75 of the Complaint except admit Plaintiff at times was employed by Royal Waste Services, Inc. and refer the Court to the statute referenced therein for its true content and meaning.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77.

78. Paragraph 78 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response Defendants deny the allegations contained in paragraph 78 of the Complaint and refer the Court to the statute referenced therein for its true content and meaning.

79. Defendants repeat the response to each allegation contained in the foregoing paragraphs as if fully set forth herein.

80. Paragraph 80 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response Defendants deny the allegations contained in paragraph 80 of the Complaint and refer the Court to the statute referenced therein for its true content and meaning.

81. Paragraph 81 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response Defendants deny the allegations contained in paragraph 81 of the Complaint and refer the Court to the statute referenced therein for its true content and meaning.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response Defendants deny the allegations contained in paragraph 84 of the Complaint and refer the Court to the statute referenced therein for its true content and meaning.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

87. Defendants repeat the response to each allegation contained in the foregoing paragraphs as if fully set forth herein.

88. Paragraph 88 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response Defendants deny the allegations contained in paragraph 88 of the Complaint and refer the Court to the statute referenced therein for its true content and meaning.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants repeat the response to each allegation contained in the foregoing paragraphs as if fully set forth herein.

93. Paragraph 93 of the Complaint calls for a legal conclusion for which no response is required. To the extent the Court requires a response Defendants deny the allegations contained in paragraph 93 of the Complaint and refer the Court to the statute referenced therein for its true content and meaning.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants repeat the response to each allegation contained in the foregoing paragraphs as if fully set forth herein.

96. Defendants deny the allegations in paragraph 96 of the Complaint.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants deny the allegations in paragraph 98 of the Complaint.

99. Defendants deny the allegations in paragraph 99 of the Complaint.

100. Defendants deny that Plaintiff and members of any putative class are entitled to any of the relief requested in the Complaint's wherefore clause.

Without assuming any burden of proof that Defendants would not otherwise bear, Defendants assert the following defenses:

## FIRST DEFENSE

101. Plaintiff is subject to the authority of the United States Secretary of Transportation with respect to his qualifications and maximum hours of service and thus exempt from the overtime requirements of the Fair Labor Standards Act. 29 U.S.C. Section 213(b) (1) and New York Labor Law. Defendants are covered by the "motor carrier exemption" 29 U.S.C. § 213(b)(1)) to the Fair Labor Standards Act and New York Labor Law.

## SECOND DEFENSE

102. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted, or for which the relief or recovery sought can be awarded, as against any defendant.

## THIRD DEFENSE

103. To the extent the Complaint seeks damages more than 2 years prior to the interposition of the Complaint or other statutory limitations of time, the claims are barred by the applicable Statute of Limitations. 29 U.S.C. Section 255.

## FOURTH DEFENSE

104. To the extent Plaintiff did not work more than forty hours in a given week or otherwise did not work more than the hours specified in 29 U.S.C. § 207(a) (1) or New York Labor Law governing overtime Plaintiff or his employer did not authorize or suffer or permit Plaintiff to work overtime Plaintiff is not entitled to overtime pay.

**FIFTH DEFENSE**

105. The Court lacks subject matter jurisdiction over the Defendants and should decline to exercise pendent jurisdiction over the New York Labor Law causes of action.

**SIXTH DEFENSE**

106. Plaintiff fails to state a cognizable legal claim against the individual Defendants.

**SEVENTH DEFENSE**

107. Defendants have paid Plaintiff all sums due and owing to Plaintiff.

**EIGHTH DEFENSE**

108. Plaintiff lacks the standing or capacity to sue in a representative capacity on behalf of members of a class action and otherwise does not meet federal and state procedural requirements for maintaining a class or collective action. The allegations in the Complaint do not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.

**NINTH DEFENSE**

109. Plaintiff has failed to exhaust his contractual and arbitral remedies prior to commencing this litigation.

**TENTH DEFENSE**

110. Plaintiff has failed to mitigate his damages.

**ELEVENTH DEFENSE**

111. Any damages suffered by Plaintiff were the result of Plaintiff's own conduct or the conduct of third parties and not the result of the Defendants' actions.

**TWELFTH DEFENSE**

112. Plaintiff's claims are barred by the equitable doctrines of laches and waiver and is estopped by his own conduct from claiming any damages or any relief against Defendants.

### THIRTEENTH DEFENSE

113. Defendants did not engage in willful or unlawful conduct.

### FOURTEENTH DEFENSE

114. Plaintiff's reservation of a claim for liquidated damages in the state class causes of action is inconsistent with and barred by applicable state and federal case law and statute.

### FIFTEENTH DEFENSE

115. As to any liquidated damage or other claim of the Plaintiff, the Defendants assert they acted in subjective good faith and had objectively reasonable grounds for believing the Defendants' policies and employee payments or their actions complied with the law and were not a violation of the Fair Labor Standards Act or New York law.

### SIXTEENTH DEFENSE

116. To the extent Plaintiff or any putative Plaintiff is an illegal immigrant that Plaintiff is not entitled to back pay where the Plaintiff would not be permitted to work under the Immigration Reform and Control Act of 1986 (IRCA) and therefore was unavailable for work during the period of illegal status.

### SEVENTEENTH DEFENSE

117. To the extent that Plaintiff, or any class members, performed work for which they were not compensated, such work was *de minimis*.

### EIGHTEENTH DEFENSE

118. Plaintiff did not work in each day in which the spread of hours exceeds ten hours and Plaintiff earned more than the minimum wage so Plaintiff is not entitled to spread of hours wages under N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

**NINETEENTH DEFENSE**

119. Each individual Defendant is not an "employer" are not employers within the meaning of the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations, and thus, are not personally liable for any wages purportedly owed to Plaintiff or putative class or collective members and therefore is not liable to the Plaintiff or any putative Plaintiff.

**TWENTIETH DEFENSE**

120. Punitive damages are not available as this lawsuit does not seek to vindicate a public right or deter morally culpable conduct and Plaintiff cannot establish Defendants acted with malice. The due process clause also imposes legal limits on punitive damages.

**TWENTY-FIRST DEFENSE**

121. To the extent that Plaintiff, or any class members, are entitled to damages under the Fair Labor Standards Act, the Defendants are entitled to certain credits or offsets against such damages as authorized by the Fair Labor Standards Act and applicable state law.

**TWENTY-SECOND DEFENSE**

122. Plaintiff was paid more than the minimum wage requirements under federal and state labor laws.

**TWENTY-THIRD DEFENSE**

123. The Complaint seeks payment for hours, in whole or in part, that are not compensable "work time" within the meaning of the Fair Labor Standards Act or applicable state law.

**TWENTY-FOURTH DEFENSE**

124. To the extent that Plaintiff, or any putative class or collective members, performed work for which they were not compensated, Defendants had no knowledge of such work.

**TWENTY-FIFTH DEFENSE**

125. To the extent that Plaintiff, or any class members, performed work for which they were not compensated, such work is noncompensable preliminary or postliminary work under the Fair Labor Standards Act or applicable state law.

**TWENTY-SIXTH DEFENSE**

126. To the extent that Plaintiff's claims, or those of putative class or collective members, under New York law accrued outside of New York State and are pursued by a nonresident of New York, the provisions of CLPR §202 would govern and the shorter limitations period would be applicable to any such claims.

**TWENTY-SEVENTH DEFENSE**

127. Plaintiff has sustained no actual damages.

**TWENTY-EIGHTH DEFENSE**

128. Prejudgment interest is not recoverable under the Fair Labor Standards Act when liquidated damages are sought and awarded.

**TWENTY-NINTH DEFENSE**

129. Plaintiff and class members were exempt for all or part of their respective employment from the overtime or minimum wage pay requirements of the Fair Labor Standards Act, the New York Labor Law, and any other New York labor regulations.

## THIRTIETH DEFENSE

130. Defendants had and have no intention to violate any provision of the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations. Therefore, Defendants did not and are not willfully violating the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations.

131. Defendants reserve the right to amend this Answer and affirmative defenses as this matter proceeds and additional information is made available or discovered.

**WHEREFORE**, having fully answered all the counts of the Complaint, Defendants respectfully demand judgment against the Plaintiff and any putative class or collective plaintiff:

(a) Dismissing the Complaint.

(b) For Defendants' costs, attorneys' fees, and disbursements in this action; and

(c) such other relief the Court deems proper.

White Plains, New York
May 12, 2020

>Yours, etc.,
>
>TRIVELLA & FORTE, LLP
>
>*/s/Christopher Smith* _____
>Christopher Smith
>*Attorneys for the Defendants*
>1311 Mamaroneck Avenue, Suite 170
>White Plains, New York 10605
>(914) 949-9075

To:

John Troy, Esq.
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 103
Flushing, NY 11355
*Attorneys for the Plaintiff*