# TRIVELLA & FORTE, LLP
## ATTORNEYS AT LAW
1311 MAMARONECK AVENUE, SUITE 170
WHITE PLAINS, NEW YORK 10605
(914) 949-9075

April 16, 2021

**VIA ECF:**

Hon. Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Courtroom N2E - North Wing
Brooklyn, New York 11201

Re: *Cooper-Nolasco et al v. Royal Waste Services, Inc. et al,* 20-cv-00640-KAM-RER- Defendants pre-motion letter and request for briefing schedule for Defendants' Motion to Dismiss the Complaint or compel arbitration of the Causes of Action in the Complaint

Dear Judge Matsumoto:

In accordance with the Court's Individual Rules and Practices and instructions in the March 10, 2021 Order the Defendants submit this pre-motion letter seeking leave to move for summary judgment dismissing the Complaint(ECF No. 1), and a summary judgment motion briefing schedule. Per the Court's Individual Rules attached hereto is statement pursuant to Local Civil Rule 56.1 together with Declaration and Exhibits in support.

This is a wage and hour action. Defendants asserted Defendants are exempt from the Fair Labor Standards Act and New York Labor Law overtime requirements pursuant to the motor carrier exemption. Defendants seek an Order dismissing the Fair Labor Standards Act overtime causes of action (Complaint, Counts I and III), and declining to exercise supplemental jurisdiction over the remaining state law causes of action. Defendants also intend to move for summary judgment dismissing the causes of action to the extent they seek wages accruing more than six years prior to the February 5, 2020 Complaint filing date. Defendants also respectfully submit the Court should dismiss or stay the action pending Plaintiff submitting his causes of action to binding arbitration pursuant to the collective bargaining agreement between Royal Waste Services, Inc. and Local Union No. 813 affiliated with International Brotherhood of Teamsters(hereinafter the "collective bargaining agreement").

Defendants suggest the following briefing schedule:

- June 18, 2021- Deadline for the Defendants to file initial moving papers;
- July 16, 2021- Deadline for the Plaintiff to file opposition papers;
- August 20, 2021- Deadline for the Defendants to file reply papers.

Royal Waste Services, Inc. is a waste removal service company.  Its business is in removing garbage and waste, freight and cardboard from commercial establishments throughout New York City.  Royal Waste Services, Inc. is part of a continuous stream of shipment of materials it collects which is shipped to various locations outside of New York and throughout the United States and the World.  Royal Waste Services, Inc.'s reach is global, as the product it collects in the New York metro region is ultimately disposed of out of New York State and its internationally.  Royal Waste Services, Inc. collects tons of cardboard and MSW and nonhazardous waste from its customers and delivers it to entities that transport the material abroad to either India or China or otherwise outside of New York.

The Fair Labor Standards Act §§ 201, *et. Seq.*, establishes, among other things, overtime pay standards for covered non-exempt workers.  However, the Fair Labor Standards Act also sets forth various exemptions to its overtime requirements, one of which is the Motor Carrier Exemption ("MCE").  The Motor Carrier Act exemption to the Fair Labor Standards Act overtime requirements, set forth in Section 13(b)(1) of the Fair Labor Standards Act (29 U.S.C. §213(b)(1)), if established, is a complete defense to Plaintiffs' Fair Labor Standards Act or New York Labor Law overtime wage liability causes of action. The MCE specifically provides an overtime exemption for employees who fall under the Secretary of Transportation's authority to establish qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935.  This statutory exemption applies to drivers, driver's helpers, loaders, and mechanics employed by a common carrier whose activities directly affect the safety of operation of motor vehicles in the transportation on the public highways of passengers or property.

Royal Waste Services, Inc. and its employees fall squarely under the MCE based upon the plain terms of the statute and well-established case law.  In *Graham v. Town & Country Disposal of Western Missouri*, 865 F.Supp.2d 952 (W.D. Mo. 2011), the Court considered whether the defendant, a trash collection business, was exempt under the Motor Carrier Act from the FLSA's overtime requirements.   The Court explained that an employer claiming the Motor Carrier Exemption under the FLSA must meet three criteria:

1) That it is an employer whose transportation of passengers or property by motor vehicle is under the jurisdiction of the Secretary of Transportation;
2) That the employee is a driver, driver's helper, loader or mechanic; and
3) That the employee engages in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce.

*Graham v. Town & Country*, 865 F.Supp.2d 952, 956 (W.D. Missouri 2011).

In considering the first criteria of whether the Secretary of Transportation had jurisdiction over defendants' transportation of freight, the *Graham* Court looked to such things as whether defendant's trucks were registered with the Department of Transportation ("DOT"), whether the defendant was subject to audits and inspections by the DOT, and whether its employees complied with the DOT's pre-trip and post-trip inspection requirements. The Court affirmatively

found that "the Secretary clearly appears to be exercising jurisdiction over [defendant's] trash collection business as it regulates [defendant's] operations from the registration to the inspection process." *Graham*, 865 F.Supp.2d at 956.  The Court further explained that the defendant could satisfy the "transportation of property" requirement as that term reasonably includes trash. Id. at 958. The *Graham* Court proceeded to the second criteria and easily found that the plaintiffs were "loaders" or "driver's helpers" as defined by the Motor Carrier Act. Finally, the *Graham* Court looked to the third criteria of whether the loaders and helpers were engaged in activities directly affecting the safety of operations of motor vehicles within interstate commerce. *Id.* at 959.  The Court found that because the employees exercised their judgment and discretion in determining whether items left for pickup were acceptable for loading into the trash collection trucks, and then placed, distributed and secured that trash in the vehicle, the employees were engaged in activities "directly affecting the safety of operations of motor vehicles within interstate commerce." *Id.* at 959.

Royal Waste Services, Inc., like the defendant in the *Graham* case, satisfies these criteria necessary to claim the Motor Carrier Exemption under the FLSA.  Royal Waste Services, Inc. will prove it is under Secretary of Transportation's jurisdiction, as it maintains trucks registered with the DOT, and its employees conduct inspections pursuant to DOT regulations. Royal Waste Services, Inc. employs and employed drivers, driver's helpers, loaders or mechanics including Plaintiff whose duties affect the safety of operation of motor vehicles on public highways in interstate and foreign commerce.  The drivers, loaders and helpers for Royal Waste Services, Inc. exercise independent discretion and judgment in deciding whether to pick up the items left for pickup and how to properly place the items in the trucks.

New York Labor Law also provides a six year statute of limitations for wage claims. CPLR § 213. Per the reasoning stated in the attached Judge Dearie decision *Morales, et al. v. Rochdale Village, Inc., et al.*, 15-CV-00502 Defendants will move to dismiss the Complaint asserting Plaintiff must arbitrate the causes of action in the Complaint.

For these reasons Defendants request leave to file a summary judgment motion to dismiss this action and request a briefing schedule.

Respectfully submitted,

TRIVELLA & FORTE, LLP

*Christopher A. Smith*

Christopher Smith

cc: J. Troy, Esq. (via ECF).